25-2071 and 25-2079

## IN THE
# United States Court of Appeals for the Federal Circuit

LYNK LABS, INC.,

*Plaintiff-Appellant*

v.

HOME DEPOT U.S.A., INC., HOME DEPOT, INC., HOME DEPOT PRODUCT AUTHORITY, LLC,

*Defendants-Appellees*

Appeal from the United States District Court for the Northern District of Georgia, No. 1:21-cv-05021, Hon. J. Victoria M. Calvert

## RESPONSE BRIEF OF DEFENDANTS-APPELLEES

Nicholas G. Papastavros
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: (617) 406-6019

Jennifer Librach Nall
Brian K. Erickson
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Tel: (512) 457-7249

Stanley J. Panikowski
**DLA Piper LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: (858) 677-1400

Mary C. Dahl
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304-1123
Tel: (650) 833-2164

*Attorneys for Defendants-Appellees*
*(See Inside Cover for Continuation of Appearances)*

Michael L. Gniwisch
**DLA Piper LLP (US)**
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Tel: (215) 656-3365

Benjamin Mueller
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: (312) 368-4000

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

Case Number  2025-2071; 2025-2079

Short Case Caption  Lynk Labs, Inc. v. Home Depot U.S.A., Inc.

Filing Party/Entity  Home Depot U.S.A., Inc., The Home Depot Inc., Home Depot Product Authority, LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: Sept. 17, 2025

Signature:  /s/ Nicholas G. Papastavros

Name:  Nicholas G. Papastavros

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Home Depot U.S.A., Inc. | | HD Operations Holding Company, Inc. |
| The Home Depot, Inc. | | The Home Depot, Inc. |
| Home Depot Product Authority, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☐ Additional pages attached

| Chris Katsantonis | Jackob Ben-Ezra | Christopher G. Campbell |
|---|---|---|
| Aaron G. Fountain | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)    ☑ No    ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). Please do not duplicate information. This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

STATEMENT OF RELATED CASES ..................................................... 1

STATEMENT OF THE ISSUES................................................................ 1

INTRODUCTION ..................................................................................... 1

STATEMENT OF THE CASE ................................................................... 3

    A.    Lynk Sues Home Depot, and the Case is Transferred to the Northern District of Georgia. ........................................ 3

    B.    Home Depot Files Post-Grant Petitions and Obtains a Stay. .................................................................................. 4

    C.    The PTAB Invalidates All Asserted Claims of the '479, '783, and '001 Patents, and Lynk Dismisses Relevant Appeals. .............................................................................. 5

    D.    The Parties File a First Joint Status Report. ....................... 6

    E.    After Over Four Years, the Appeals Conclude, and Lynk Requests Leave to Amend Its Infringement Contentions. ........................................................................ 7

    F.    The Court Grants Home Depot Summary Judgment. ........ 10

SUMMARY OF ARGUMENT .................................................................. 10

ARGUMENT ............................................................................................ 11

    A.    Standard of Review .............................................................. 11

    B.    The District Court Did Not Abuse Its Discretion in Denying Lynk Leave to Amend Its Infringement Contentions. ........................................................................ 13

        1.    Lynk's Request Was Untimely. .................................. 13

        2.    Lynk's Untimely Request Was Not Substantially Justified or Harmless. ............................................... 25

    C.    The District Court Properly Granted Summary Judgment. ........................................................................... 34

CONCLUSION ........................................................................................ 39

iv

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADASA Inc. v. Avery Dennison Corp.*,
  55 F.4th 900 (Fed. Cir. 2022)................................................................ 12

*AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*,
  813 F. App'x 403 (11th Cir. 2020) (non-precedential) ................. 35, 37

*Bearint v. Dorell Juvenile Group, Inc.*,
  389 F.3d 1339 (11th Cir. 2004)......................................... 12, 14, 17, 20

*BookIT Oy v. Bank of Am. Corp.*,
  817 F. App'x 990 (Fed. Cir. 2020) (non-precedential) ......................... 29

*Capella Photonics, Inc. v. Cisco Systems, Inc.*,
  No. 14-cv-03348-EMC, 2019 WL 2359096 (N.D. Cal. June
  4, 2019) ............................................................................................... 32

*Carlborg v. United States*,
  No. 2024-1339, 2024 WL 4675290 (Fed. Cir. Nov. 4, 2024)
  (non-precedential), *cert. denied,* 145 S. Ct. 2817 (2025),
  *reh'g denied,* 222 L. Ed. 2d 1187 (2025)............................................. 38

*Carpenter v. Mohawk Indus. (In re Mohawk Indus.)*,
  541 F.3d 1048 (11th Cir. 2008)............................................................ 36

*Cates v. Zeltiq Aesthetics, Inc.*,
  73 F.4th 1342 (11th Cir. 2023) ...................................................... 11, 12

*Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*,
  315 F.3d 1271 (10th Cir. 2003)............................................................ 36

*Chapman v. Dunn*,
  129 F.4th 1307 (11th Cir. 2025) .......................................................... 39

*Chapman v. Procter & Gamble Distrib., LLC*,
  766 F.3d 1296 (11th Cir. 2014)............................................................ 12

v

*Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., Ltd.,*
    993 F.3d 1299 (11th Cir. 2021)...............................................30, 31, 32

*Click-to-Call Techs. LP v. Ingenio, Inc.,*
    45 F.4th 1363 (Fed. Cir. 2022)....................................... *passim*

*EEOC v. Dolgencorp, LLC,*
    196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016), *aff'd,* 899
    F.3d 428 (6th Cir. 2018) .......................................................... 13

*Gagnon v. Teledyne Princeton, Inc.,*
    437 F.3d 188 (1st Cir. 2006) ................................................. 31

*Go Med. Indus. Pty, Ltd. v. Inmed Corp.,*
    300 F. Supp. 2d 1297 (N.D. Ga. 2003)................................. 31

*In re Google Tech. Holdings LLC,*
    980 F.3d 858 (Fed. Cir. 2020) .............................................. 30

*Guevara v. NCL (Bahamas) Ltd.,*
    920 F.3d 710 (11th Cir. 2019) ............................................. 28

*Henderson v. Ford Motor Co.,*
    72 F.4th 1237 (11th Cir. 2023) ......................................26, 28

*Home Depot U.S.A., Inc., v. Lynk Labs, Inc.,*
    IPR2021-01368, Paper 49 (PTAB Jan. 27, 2023) .................5

*Home Depot U.S.A., Inc., v. Lynk Labs, Inc.,*
    IPR2021-01370, Paper 46 (PTAB Jan. 18, 2023) .................5

*Home Depot U.S.A., Inc., v. Lynk Labs, Inc.,*
    IPR2021-01541, Paper 39 (PTAB Apr. 26, 2023) .................5

*Home Depot U.S.A., Inc. v. Lynk Labs, Inc.,*
    No. 23-2151, 2025 WL 816240 (Fed. Cir. Mar. 14, 2025)
    (non-precedential) ................................................................. 7

*Johnson v. NPAS Sols., LLC,*
    975 F.3d 1244 (11th Cir. 2020)........................................... 37

vi

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
  662 F.3d 1292 (11th Cir. 2011) ....................................................... 12, 36

*Knight through Kerr v. Miami-Dade Cnty.*,
  856 F.3d 795 (11th Cir. 2017) ................................................................ 25

*Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*,
  No. 23-1671, Dkt. 13 (Fed. Cir. May 23, 2023) ..................................... 6

*Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*,
  No. 23-1671, Dkt. 14 (Fed. Cir. May 31, 2023) ..................................... 6

*Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*,
  No. 23-1672, Dkt. 13 (Fed. Cir. May 23, 2023) ..................................... 6

*Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*,
  No. 23-2030, Dkt. 10 (Fed. Cir. July 21, 2023) ..................................... 6

*Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*,
  No. 23-2185, Dkt. 48 (Fed. Cir. Jan. 14, 2025) ..................................... 7

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
  No. 1:21-cv-05021-MHC, Dkt. 31 (N.D. Ga. Aug. 13, 2021) ................. 3

*Lynk Labs, Inc. v. Home Depot USA, Inc.*,
  No. 1:21-cv-05021-VMC, Dkt. 39 (N.D. Ga. Oct. 8, 2021) .............. 8, 27

*Matz v. Galloway*,
  No. 24-1716, 2024 WL 4249724 (7th Cir. Sept. 30, 2024) .................. 38

*Murphy v. Magnolia Elec. Power Ass'n*,
  639 F.2d 232 (5th Cir. 1981) ................................................................ 26

*Noco Co., Inc. v. Smartech Prods., Inc.*,
  No. 1:18-cv-2780, 2024 WL 4443759 (N.D. Ohio Oct. 7,
  2024) ...................................................................................................... 9

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................... 13, 27, 36

vii

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
   No. 6:15-cv-01095-RWS, 2020 WL 11613777 (E.D. Tex.
   July 1, 2020) ................................................................................ 19, 33

*Parallel Networks, LLC v. Abercrombie & Fitch Co.*,
   704 F.3d 958 (Fed. Cir. 2013) ............................................................ 19

*Reese v. Herbert*,
   527 F.3d 1253 (11th Cir. 2008) .......................................................... 18

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision
   Care, Inc.*,
   725 F.3d 1377 (Fed. Cir. 2013) .......................................................... 25

*Restigouche, Inc. v. Town of Jupiter*,
   59 F.3d 1208 (11th Cir. 1995) ...................................................... 37, 38

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*,
   No. 3:09-cv-5659 WHA, 2016 WL 1718135 (N.D. Cal. Apr.
   29, 2016) ........................................................................................... 9

*Scott v. Carnival Corp.*,
   No. 24-11131, 2025 WL 2402001 (11th Cir. Aug. 19, 2025)
   (non-precedential) ............................................................................ 25

*Sommer v. Davis*,
   317 F.3d 686 (6th Cir. 2003)........................................................ 31, 32

*Speedtrack, Inc. v. Endeca Techs., Inc.*,
   524 F. App'x 651 (Fed. Cir. 2013) (non-precedential) ................. 27, 33

*Spring Street Partners-IV, L.P. v. Lam*,
   730 F.3d 427 (5th Cir. 2013)............................................................. 35

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
   No. 3:12-cv-2777, 2014 WL 794215 (S.D. Cal. Feb. 26,
   2014) ............................................................................................ 5, 24

*ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.*,
   No. 1:15-cv-00892-ELR, 2019 WL 1233654 (N.D. Ga. Jan.
   15, 2019) ...................................................................................... 18, 19

1627427953

*Transcon. Gas Pipe Line Co. v. 6.04 Acres*,
  910 F.3d 1130 (11th Cir. 2018) ............................................ 20

*Trusted Knight Corp. v. Int'l Bus. Machines Corp. (IBM)*,
  No. 3:19-cv-01206-EMC, 2021 WL 5205522 (N.D. Cal.
  Nov. 9, 2021) ...................................................................... 32

*United States ex rel. TVA v. Easement & Right-of-Way over
  4.42 Acres of Land*,
  782 F. App'x 945 (11th Cir. 2019) (non-precedential) ................. 29, 30

*UnitedHealth Grp., Inc. v. Exec. Risk Specialty Ins. Co.*,
  870 F.3d 856 (8th Cir. 2017) ................................................ 36

*Universal Elecs. Inc. v. Roku, Inc.*,
  No. 8:18-cv-01580-JVS-ADS, 2025 WL 2428473 (C.D. Cal.
  July 29, 2025) .................................................................... 19

*Vasudevan Software, Inc. v. Microstrategy, Inc.*,
  No. 3:11-cv-6637, 2012 WL 12920633 (N.D. Cal. Nov. 21,
  2012) ............................................................................... 10

*Whitesell Corp. v. Electrolux Home Products, Inc.*,
  154 F.4th 1289 (11th Cir. 2025) ......................................... 20, 39

*ZiLOG, Inc. v. Quicklogic Corp.*,
  No. 5:03-cv-03725, 2006 WL 563057 (N.D. Cal. Mar. 6,
  2006) ........................................................................ 20, 21, 26

**Statutes**

28 U.S.C. § 1404 .................................................................... 3

35 U.S.C. § 315(b) ............................................................... 2, 33

**Other Authorities**

10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL
  PRACTICE AND PROCEDURE § 2720.1 (4th ed.) ........................ 35

Fed. R. App. P. 42(b) .............................................................. 6

Fed. R. Civ. P. 26 ............................................................... *passim*

Fed. R. Civ. P. 37 ............................................................... *passim*

Fed. R. Civ. P. 56 ............................................................... *passim*

6 MOORE'S FEDERAL PRACTICE-CIVIL § 26.131 (3d ed. 2026) ............. 13, 18

Northern District of Georgia Local Patent Rule 4.5(b) ................... *passim*

1627427953

## STATEMENT OF RELATED CASES

No other appeal in or from this civil action has previously been before this Court or any other appellate court. Counsel is aware of no other case that will directly affect or be directly affected by this Court's decision in the pending appeal.

## STATEMENT OF THE ISSUES

(a)    Whether the district court abused its discretion in denying Lynk's belated request to amend its infringement contentions pursuant to Northern District of Georgia Local Patent Rule 4.5(b).

(b)    Whether Lynk's request for leave to amend was its opportunity in the district court to explain why its request for leave was timely, and the district court had no obligation to request additional explanation before denying that request as untimely.

## INTRODUCTION

Five years ago, Plaintiff-Appellant Lynk Labs, Inc. ("Lynk") sued Defendants-Appellees Home Depot U.S.A., Inc., The Home Depot, Inc., and Home Depot Product Authority, LLC (collectively, "Home Depot"). Lynk asserted 41 claims from nine patents. The district court stayed the case pending post-grant review of those claims by the Patent Trial and Appeal Board ("PTAB"). After years of litigation before the PTAB and

1

this Court, every single asserted claim was either invalidated or withdrawn. The stay achieved its intended purpose: it "streamline[d] the case" and rendered Lynk's infringement allegations moot.

But instead of accepting defeat, Lynk tried to start over. It asked the district court for permission to assert a whole new series of claims from the asserted patents. Lynk of course knew about these claims for years but made the tactical decision not to pursue them until after it knew the outcome of the PTAB proceedings. Having forced Home Depot to spend years and millions of dollars defeating its first set of claims, and sandbagging until the statutory time limits for challenging those claims through an IPR had already passed, Lynk effectively sought to litigate a whole new case. *See* 35 U.S.C. § 315(b). The district court properly rejected Lynk's belated attempt to sandbag Home Depot after its first litigation strategy failed.

In so doing, the district court applied the Northern District of Georgia's Local Patent Rules, exercising its broad discretion to manage its docket and reject untimely requests. That ruling is reviewed for abuse of discretion, and Lynk cannot meet that highly deferential standard. Lynk also contends that the court erred by failing to give it notice before

rendering a routine docket-control ruling. That argument is forfeited and meritless. This Court should affirm.

## STATEMENT OF THE CASE

### A.    Lynk Sues Home Depot, and the Case is Transferred to the Northern District of Georgia.

On January 29, 2021, Lynk sued Home Depot in the Western District of Texas. Appx12. Lynk alleged infringement of nine patents, U.S. Patent Nos. 10,492,251 (the "'251 Patent"), 10,757,783 (the "'783 Patent"), 10,091,842 (the "'842 Patent"), 10,537,001 (the "'001 Patent"), 10,349,479 (the "'479 Patent"), 10,652,979 (the "'979 Patent"), 10,154,551 (the "'551 Patent"), 10,517,149 (the "'149 Patent"), and 10,932,341 (the "'341 Patent"). Appx1796.

The Western District of Texas entered a scheduling order, and the parties exchanged preliminary infringement and invalidity contentions on June 23, 2021 and August 18, 2021, respectively. *Lynk Labs, Inc. v. Home Depot USA, Inc.*, No. 1:21-cv-05021-MHC, Dkt. 31 (N.D. Ga. Aug. 13, 2021); Appx1796-1802. Lynk's infringement contentions asserted 41 claims across the nine asserted patents. *See* Appx1773.

Home Depot moved to transfer the case to the Northern District of Georgia under 28 U.S.C. § 1404. Appx15. Following venue discovery, the

Western District of Texas granted Home Depot's motion. Appx18. The case was transferred to the Northern District of Georgia on December 8, 2021. Appx18.

**B.  Home Depot Files Post-Grant Petitions and Obtains a Stay.**

Between August and November 2021, Home Depot and non-parties Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. filed petitions for *inter-partes* review ("IPR") and post-grant review ("PGR") challenging every claim asserted against Home Depot and some unasserted claims. Appx114-115. Home Depot moved to stay the case pending their outcome, expressly stating that a stay was warranted because post-grant review petitions had been filed against all asserted claims. Appx101-132. In its opposition to the stay motion, Lynk acknowledged that all asserted claims had been challenged and did not say it was contemplating asserting different claims. Appx1368-1385.

The district court stayed the case on March 31, 2022. Appx1750-1764. By then, the PTAB had instituted IPR on four patents. *See* Appx1752-1753. In its order granting a stay, the court reasoned that the post-grant petitions filed by Home Depot and Samsung "collectively challenge the validity of all patent claims asserted by Plaintiff in this

4

action" and that granting the stay would "streamline the case" by potentially rendering "claims for infringement moot." Appx1752, Appx1760-1761 (quoting *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 3:12-cv-2777, 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014)). The court noted that "[i]f the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over." Appx1760-1761 (quoting *TAS Energy*, 2014 WL 794215, at *4)).

At no point before the case was stayed did Lynk attempt to amend its infringement contentions, notify the district court that it was contemplating asserting new claims, or otherwise change its universe of asserted claims.

### C. The PTAB Invalidates All Asserted Claims of the '479, '783, and '001 Patents, and Lynk Dismisses Relevant Appeals.

The PTAB issued Final Written Decisions invalidating all challenged claims (which included all asserted claims) of the '479, '783, and '001 Patents on January 18, 2023, January 27, 2023, and April 26, 2023, respectively.[1] Lynk appealed those decisions. Lynk moved to

---

[1] *Home Depot U.S.A., Inc., v. Lynk Labs, Inc.*, IPR2021-01370, Paper 46 (PTAB Jan. 18, 2023); *Home Depot U.S.A., Inc., v. Lynk Labs, Inc.*, IPR2021-01368, Paper 49 (PTAB Jan. 27, 2023); *Home Depot U.S.A., Inc., v. Lynk Labs, Inc.*, IPR2021-01541, Paper 39 (PTAB Apr. 26, 2023).

voluntarily dismiss all three appeals before briefing had commenced.[2]

This Court granted those motions and the appeals were dismissed.[3]

### D.    The Parties File a First Joint Status Report.

In January 2024, the district court asked for a status report. Appx1765. The parties jointly told the court that the PTAB had invalidated claims from all nine asserted patents; that appeals had not been filed or had been dismissed in seven of those cases; and that two appeals were pending in this Court. Appx1766-1768. Lynk did not seek leave to amend its infringement contentions or otherwise ask permission to assert different claims. Appx1766-1768. The district court continued the stay and ordered the parties to file a second status report after the appeals were done. Appx24.

---

[2] *Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*, No. 23-1672, Dkt. 13 (Fed. Cir. May 23, 2023) (unopposed motion to dismiss by appellant Lynk Labs, Inc.); *Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*, No. 23-1671, Dkt. 13 (Fed. Cir. May 23, 2023) (same); *Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*, No. 23-2030, Dkt. 10 (Fed. Cir. July 21, 2023) (same).

[3] *Lynk Labs*, No. 23-1672, Dkt. 14 (Fed. Cir. May 31, 2023) (order dismissing appeal under Fed. R. App. P. 42(b)); *Lynk Labs*, No. 23-1671, Dkt. 14 (Fed. Cir. May 31, 2023) (same); *Lynk Labs*, No. 23-2030, Dkt. 12 (Fed. Cir. July 27, 2023) (same).

### E.    After Over Four Years, the Appeals Conclude, and Lynk Requests Leave to Amend Its Infringement Contentions.

By March 14, 2025, the appeals had ended. This Court affirmed invalidity of all challenged claims of the '341 patent, *Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*, No. 23-2185, Dkt. 48 (Fed. Cir. Jan. 14, 2025), and held a challenged claim from the '149 Patent invalid, *Home Depot U.S.A., Inc. v. Lynk Labs, Inc.*, No. 23-2151, 2025 WL 816240 (Fed. Cir. Mar. 14, 2025) (non-precedential) (reversing PTAB decision).

On May 23, 2025, the parties filed a second joint status report. Appx1771-1775. They informed the district court that the appeals were finished and that only one asserted claim (from the '979 Patent) had survived. Appx1771-1772. Lynk formally withdrew all previously asserted claims (including the surviving one) but asked the court for permission, under Local Patent Rule 4.5(b), to add three claims that were not subject to post-grant proceedings—claim 6 of the '479 Patent, claim 14 of the '001 Patent, and claim 2 of the '783 Patent. Appx1772-1773. Home Depot opposed. Appx1773-1774. Lynk's rationale for its belated request to add the new claims was that it "was originally constrained as to the number of claims it could assert due to the limitation on the number of claim terms allowed for construction pursuant to the Standing

7

Order Governing Proceedings (OGP) 4.3 - Patent Cases in the Western District of Texas where this matter was originally brought prior to transfer" and that "there is no similar limit in [the Northern District of Georgia]." Appx1772. In fact, neither the Western District of Texas Local Rules nor Judge Albright's Order Governing Proceedings restricted the number of claims Lynk could have included in its contentions,[4] and Lynk did not propose *any* terms for construction.

On May 29, 2025, the district court issued a show cause order. Appx1776-1779. In that order, the district court first addressed Lynk's request to "substitute new claims that were not the subject of IPR and PGR." Appx1777. The district court noted that Lynk "provides no possible justification to support its late supplementation other than differences in the Local Rules of this Court and the Western District of Texas. However, this case was transferred in December of 2021 and not stayed until March of 2022." Appx1779. Local Patent Rule 4.5(b) permits amendment "pursuant to the rules of supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil

---

[4] *Lynk Labs, Inc. v. Home Depot USA, Inc.*, No. 1:21-cv-05021-VMC, Dkt. 39 (N.D. Ga. Oct. 8, 2021) (Judge Albright's Standing Order Governing Proceedings – Patent Cases).

Procedure." Federal Rule of Civil Procedure 26(e)(1)(A) demands supplementation "in a timely manner." The district court ruled that Lynk's request was untimely, "considering the extensive, five-year litigation history of this case." Appx1778-1779. The court thus excluded Lynk's proposed substitute claims under Federal Rule of Civil Procedure 37(c). Appx1779. The district court recognized that Lynk's decision to withdraw all previously asserted claims, plus the fact that post-grant proceedings and subsequent appeals disposed of Lynk's allegations, made the case "ripe for summary disposition." Appx1777. As such, the district court directed Lynk to show cause "why summary judgment should not be granted for Defendants under Federal Rule of Civil Procedure 56(f)(3)." Appx1779.

On June 12, 2025, Lynk filed its response to the district court's show cause order.[5] Appx1803-1813.

---

[5] In its response, Lynk made an argument that it does not raise on appeal—that it was seeking to add allegations against products purportedly introduced three months prior. Appx1810-1811. By failing to raise it on appeal, that argument is forfeited. In any event, the mere release of new products is just one of the factors courts can consider in deciding whether to allow amendment, and courts regularly deny leave to add new products. *See, e.g., Noco Co., Inc. v. Smartech Prods., Inc.*, No. 1:18-cv-2780, 2024 WL 4443759, at *13-15 (N.D. Ohio Oct. 7, 2024); *Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. 3:09-cv-5659 WHA,

9

### F.    The Court Grants Home Depot Summary Judgment.

Following another round of briefing by the parties, the district court granted summary judgment in Home Depot's favor. Appx2-5. The court ruled that the PTAB had invalidated all but one asserted claim, and that Lynk had agreed to withdraw that claim. Appx3-5. It rejected Lynk's further argument that it should be allowed to amend its infringement contentions. Appx3. It reasoned that "the factual bases for amendment arose prior to the stay" and Lynk "could have sought amendment while the stay motion was pending." Appx3. Lynk appealed. Appx25.

### SUMMARY OF ARGUMENT

The district court did not abuse its discretion in denying Lynk leave to amend its infringement contentions. Pursuant to Northern District of Georgia Local Patent Rule 4.5(b) and Federal Rule of Civil Procedure 26(e)(1)(A), Lynk's request was untimely, having come over four years into the litigation and after Home Depot had spent significant time and resources preparing invalidity contentions and briefing claim construction at the district court and defeating Lynk's claims at the

---

2016 WL 1718135, at *3 (N.D. Cal. Apr. 29, 2016); *Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 3:11-cv-6637, 2012 WL 12920633, at *4 (N.D. Cal. Nov. 21, 2012).

10

PTAB and on appeal. Further, Lynk's tardiness was unjustified and harmful, so the court did not abuse its discretion in excluding the "new" claims under Federal Rule of Civil Procedure 37(c). Finally, by failing to raise it below, Lynk has forfeited any argument that the district court did not provide "notice and a reasonable time to respond," Fed. R. Civ. P. 56(f), before denying it leave to amend. Besides, that ruling (a routine docket-management order) is not subject to Rule 56(f)'s notice requirement, and, even if it is, the error is harmless. Moreover, contrary to Lynk's assertions, Lynk did in fact have the opportunity to explain why its request to amend was timely when it indicated it wished to assert new claims, and again in its response to the district court's show cause order. In all events, this Court should affirm.

## ARGUMENT

### A.    Standard of Review

This Court applies regional circuit law when reviewing a decision to grant summary judgment. *Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1367 (Fed. Cir. 2022). The Eleventh Circuit reviews an entry of summary judgment de novo. *Cates v. Zeltiq Aesthetics, Inc.*, 73 F.4th 1342, 1347 (11th Cir. 2023). "Summary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled

11

to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). When the plaintiff cannot "provide 'a sufficient showing to establish the existence of an element' of his claim, 'there is no genuine dispute regarding a material fact.'" *Id.* (quoting *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1312 (11th Cir. 2014)).

This Court also applies regional law when reviewing a decision to exclude evidence pursuant to Federal Rule of Civil Procedure 37(c). *ADASA Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 916 (Fed. Cir. 2022). The Eleventh Circuit reviews exclusions under Rule 37(c) for abuse of discretion. *Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004). The court "will not reverse the imposition of sanctions under Rule 37 unless [it is] left with a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1313 (11th Cir. 2011).

Likewise, this Court reviews "district court decisions on procedural matters in patent cases, such as granting leave to amend claim selections, for an abuse of discretion." *Click-To-Call*, 45 F.4th at 1368. Thus, "[d]ecisions enforcing local rules in patent cases will be affirmed

12

unless clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006).

### B. The District Court Did Not Abuse Its Discretion in Denying Lynk Leave to Amend Its Infringement Contentions.

#### 1. Lynk's Request Was Untimely.

Northern District of Georgia Local Patent Rule 4.5(b) provides that a party may supplement its infringement contentions "pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure 26(e)(1)(A) states that a party must supplement discovery responses "in a timely manner." "Timeliness is not measured by a particular date or time; instead, timeliness means without undue delay once a party discovers the information to be provided." 6 MOORE'S FEDERAL PRACTICE–CIVIL § 26.131[3] (3d ed. 2026); *see also EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016) ("In a timely manner is not defined in the rule and must necessarily depend on the facts and circumstances of each case."), *aff'd,* 899 F.3d 428

(6th Cir. 2018). The Eleventh Circuit affords the district court "wide latitude" to "exclude untimely submissions." *Bearint*, 389 F.3d at 1349.

Lynk does not dispute that it knew about the three claims it wished to add—claim 6 of the '479 Patent, claim 14 of the '001 Patent, and claim 2 of the '783 Patent—for years. *See generally* Appx1803-1813; Opening Br. at 17-18. And Lynk concedes that it must, at minimum, show diligence in amending its contentions. *See* Opening Br. at 19 ("Patent Rule 4.5(b) does require a showing of 'good cause,' meaning that a party must be 'diligent' in amending its contentions."). Here, Lynk failed to carry its burden. It asserted other claims from those same patents at the beginning of the litigation and had ample opportunity to assert those additional claims either originally or as the case proceeded. But it made the tactical choice to wait until all post-grant proceedings were final before signaling that it wished to assert new claims.

For example, Lynk did not suggest it wanted to add more claims at any point in the year before the case was transferred to Georgia. During this time, Lynk served its preliminary infringement contentions, Home Depot served its preliminary invalidity contentions, and the parties fully briefed claim construction. *See* Appx12-18, Appx1796-1802.

14

The case was then pending for over three months in the Northern District of Georgia, yet Lynk still did not disclose any intention to assert new claims. Appx18-24. In opposing Home Depot's stay motion, Lynk did not deny that the pending post-grant reviews covered all claims at issue in the district court. Appx1368-1385. In its order granting the stay motion, the district court expressly relied upon the fact that the pending post grant reviews covered all claims at issue. Appx1750-1764. Yet, Lynk stayed silent. And, after the PTAB instituted the IPRs, Lynk could have tried to add unasserted claims "while the stay motion was pending." *See* Appx3. Yet, Lynk waited.

The case was stayed for another three years. Appx24-25. During this time, Home Depot argued its IPRs and PGR before the PTAB and defended the Board's decisions in this Court, expending significant time and resources to do so. During this entire time, Lynk never indicated that it was planning to expand the scope of the case.

The PTAB issued Final Written Decisions invalidating all asserted claims from the '479 Patent on January 18, 2023; all asserted claims from the '001 Patent on April 26, 2023; and all asserted claims from the '783

Patent on January 27, 2023.[6] Still, Lynk gave no hint of any intent to substitute different claims.

After the PTAB invalidated the asserted claims of the '479, '001, and '783 Patents, Lynk voluntarily moved to dismiss its appeals of those decisions, and this Court granted those motions in May 2023 and July 2023.[7] So, those decisions were final. But Lynk still did not suggest that it would try to assert other claims from those patents.

The parties then filed a joint status report on January 24, 2024. Appx1766-1768. In that report, Lynk gave no indication that it wanted to proceed with new claims from those patents.

On May 23, 2025, Lynk suggested for the first time that it wanted to amend its infringement contentions. Appx1772-1773. Lynk made this revelation more than four years after the case began, more than three years after it was stayed, more than three years after the PTAB instituted IPR, more than two years after the PTAB invalidated the claims, and more than a year after the district court first asked for a status report. Appx1772-1773.

---

[6] *See supra* note 1.

[7] *See supra* notes 2-3.

The district court did not abuse its discretion in finding Lynk's request untimely. The litigation was over four years old, the basis for the amendment existed at the outset of the case (*i.e.*, Lynk knew about the "new" claims all along, *contra* Opening Br. at 18), and Lynk could have moved to amend its contentions much earlier. Given the "wide latitude" afforded to the district court to control its docket and strike "untimely submissions," *Bearint*, 389 F.3d at 1349, Lynk cannot show that the court's decision was an abuse of discretion.

None of Lynk's four contrary arguments has merit.

*First*, Lynk argues that the court abused its discretion in denying its belated request because "no discovery has yet occurred." Opening Br. at 20. But Local Patent Rule 4.5(b) does not tie timeliness to the commencement of discovery. Lynk concedes that timeliness is determined on a case-by-case basis. *See* Opening Br. at 21. Given the "extensive, five-year litigation history" of the case, the district court's recognition that the IPRs and appeals could resolve the matter, and the earlier opportunities Lynk had to try to amend its contentions, the district court properly determined that Lynk moved too late. Appx1778-1779.

17

Because Federal Rule of Civil Procedure 26(e) relates to discovery, some cases discuss timeliness in terms of discovery deadlines. *See, e.g.,* Appx1783. But Rule 4.5(b) does not tether timeliness to discovery deadlines; it simply borrows the rules for supplementation and amendment of contentions from Rule 26(e). Per the plain language of Local Patent Rule 4.5(b) and Federal Rule of Civil Procedure 26(e), Lynk was required to supplement in a "timely manner" after "discover[ing] the information to be provided," *see* Moore, *supra* § 26.131[3], and it failed to do so. *Cf. Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming decision to exclude expert report for failing to disclose it "sufficiently early in the discovery period" as required by a local rule).

*Second*, Lynk cites *ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.,* No. 1:15-cv-00892-ELR, 2019 WL 1233654 (N.D. Ga. Jan. 15, 2019), an unpublished decision by a special master with very different facts. *See* Opening Br. at 21-22. In *ThermoLife*, the plaintiff filed its initial infringement contentions after a series of reexamination decisions and sought to serve a second set one month later, after discovering a clerical error (it had previously provided the wrong Dropbox link to opposing counsel). *Id.* at *2. The special master allowed it to remedy that error

18

because it made "an honest mistake." *Id.* at *2-3. The same cannot be said about Lynk's tactical choice here. It waited until substantial resources by Home Depot, the district court, the PTAB, and this Court had been spent and all asserted claims had been invalidated or withdrawn, before it opportunistically tried to substitute its claims. That is not an "honest mistake," and the court did not abuse its discretion in rejecting Lynk's tactic. *See, e.g.*, *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-cv-01095-RWS, 2020 WL 11613777, at *3 (E.D. Tex. July 1, 2020) ("[Plaintiff]'s conduct in seeking to start litigation anew after losing round one can best be characterized as tactical."); *cf. Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 971 (Fed. Cir. 2013) ("[Plaintiff] is seeking to amend its infringement contentions in order to make arguments that could have been made before the entry of summary judgment, a tactic that the district court correctly held to be improper.").

*Third*, Lynk relies on several inapposite, unpublished, and out-of-circuit district court opinions applying different local rules that ostensibly allowed amendment following invalidation by the PTAB. Opening Br. at 21-23; *cf. Universal Elecs. Inc. v. Roku, Inc.*, No. 8:18-cv-01580-JVS-ADS, 2025 WL 2428473, at *9 n.9 (C.D. Cal. July 29, 2025)

(explicitly differentiating cases, like this one, where "the plaintiff sought to add claims that had never previously been asserted in the case") (discussed in Opening Br. at 19). At best, those decisions indicate that a court *may* exercise its discretion to allow an untimely amendment. But even where "the district court may have had discretion to admit an untimely report, . . . it d[oes] not abuse its discretion to exclude it as untimely" if the circumstances justify it. *Bearint*, 389 F.3d at 1349. And Lynk cannot and does not explain why the court's decision was a "clear error of judgment" or how the court "applied the wrong legal standard." *See Whitesell Corp. v. Electrolux Home Products, Inc.*, 154 F.4th 1289, 1297 (11th Cir. 2025) (quoting *Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1156 (11th Cir. 2018)). Thus, Lynk has failed to show an abuse of discretion.

*Fourth*, Lynk contends that it could not have "sought an amendment . . . while the case was stayed" (Op. Br. at 18), but the district court case it relies on extensively only underscores Lynk's undue delay. *ZiLOG, Inc. v. Quicklogic Corp.*, No. 5:03-cv-03725, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006). There, the plaintiff requested to amend its preliminary infringement contentions while the appeal of the PTAB's

decision was still pending. *Id.* at *1. Lynk offers no good reason why it did not make a similar request (or at least give notice of its intent) during the pendency of the appeals. And even if it had, the district court still would not have been compelled to allow the amendment given that Lynk was aware of the unasserted claims from the outset of the case.

This Court's decision in *Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363 (Fed. Cir. 2022), is instructive. There, the Court held that the district court did not abuse its discretion in denying a patentee's request to amend its infringement contentions to add two new claims after IPR. *See id.* at 1371.

In that case, the plaintiff had originally selected eight patent claims for assertion at the district court. *Id.* Shortly thereafter, the PTAB "partially instituted IPR on the asserted patent." *Id.* At that time, the plaintiff "did not request to amend its listing of selected claims at the district court." *Id.* A month later, the defendant moved to stay the district court case, and the court granted the stay. *Id.* While the case was stayed, the parties filed status reports with the district court, and at no time during the stay did plaintiff request leave to amend its asserted claims. *Id.* at 1372. The PTAB issued its final written decision during the stay.

21

*Id.* And although the plaintiff was aware of the PTAB's decision finding the asserted claims unpatentable, it waited until after the Board appeals were resolved to request leave to amend its asserted claims. *Id.*

Upon restarting the district court case, the plaintiff stated that "it intends to proceed with litigation of the asserted claims not affected by the Inter Partes Review proceedings." *Id.* The plaintiff then requested leave to amend its asserted claims, arguing that "[g]ood cause exists" to allow amendment because "only three claims [are] at issue, [plaintiff] promptly gave notice after the IPR was final that it would pursue all three claims without timely objection from defendants, and defendants are not prejudiced." *Id.* at 1372 (citation modified).

The district court denied plaintiff's leave to amend, and this Court held that the district court did not abuse its discretion in doing so. *Id.* This Court explained that "[t]his is a decision concerning the management of a district court's case docket, a decision we review under a highly deferential lens for an abuse of discretion." *Id.* at 1371. The Court reasoned that the district court "did not envision adding other claims to the case following the IPR." *Id.* Indeed, in granting the stay, the district court noted that the IPR would "simplify the issues in th[e] case"

22

because "a[ll] but one of the claims to be asserted at trial in this case" were at issue in the IPR. This Court also observed that the case was stayed for six years; that the parties filed several status reports during that time; and that "[a]t no time during the stay did [the plaintiff] request leave to amend its asserted claims." *Id.* at 1372. Finally, the Court held that, because the Board had issued its final written decision during the stay, the plaintiff was wrong to wait for the conclusion of all appeals before requesting leave to amend. *Id.*

*Click-to-Call* is like this case in important respects.

*First*, in both cases, the plaintiffs asserted a subset of their patents' claims that were then challenged before the PTAB, and the defendants obtained a stay pending resolution of post-grant petitions. *See id.* at 1371; Appx24, Appx1763, Appx1776-1777.

*Second*, both cases were stayed for years, in each the parties filed several status reports, and "[a]t no time during the stay did [they] request leave to amend [their] asserted claims." *Click-to-Call*, 45 F.4th at 1372; *see* Appx1771-1775. Likewise, in both cases, the PTAB's final written decision came during the stay, but the plaintiffs waited months, until all

appeals were final, before requesting leave. *Click-to-Call*, 45 F.4th at 1372; Appx1766-1757, Appx1771-1773.

*Third*, the district court here did not "envision adding other claims to the case following the IPR." *Click-to-Call*, 45 F.4th at 1371. Like the district court in *Click-to-Call*, the court here granted the stay because the post-grant petitions "challenge the validity of all patent claims asserted by Plaintiff in this action" and granting the stay would "streamline the case" and could lead to "the suit . . . be[ing] dismissed." Appx1752, Appx1760-1761 ("If the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over." (quoting *TAS Energy*, 2014 WL 794215, at *4)).

*Fourth*, this case, like *Click-to-Call*, concerns "the management of a district court's case docket" which this Court "review[s] under a highly deferential lens for an abuse of discretion." *Click-to-Call*, 45 F.4th at 1371.

In sum, Lynk fails to demonstrate that the district court abused its discretion in finding Lynk's request for leave untimely.

24

### 2. Lynk's Untimely Request Was Not Substantially Justified or Harmless.

In addition to failing to demonstrate the district court abused its discretion in finding Lynk's request for leave to be untimely, Lynk also fails to demonstrate that the district court abused its discretion in excluding the proposed claims under Federal Rule of Civil Procedure 37(c). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Scott v. Carnival Corp.*, No. 24-11131, 2025 WL 2402001, at *3 (11th Cir. Aug. 19, 2025) (non-precedential) (citing *Knight through Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017)); *accord Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) ("The burden is on the party facing sanctions to prove that its failure to comply with Rule 26(a) was substantially justified or harmless.") (citation modified). "The district court has considerable discretion in determining whether exclusion is

25

proper." *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023) (quoting *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 234-35 (5th Cir. 1981)).

Here, the district court did not abuse its discretion in denying Lynk leave to amend its infringement contentions because Lynk failed to satisfy its burden of showing its untimely request was substantially justified or harmless.

### a.     Lynk's Delay Was Not Substantially Justified.

Lynk fails to show that its undue delay was substantially justified. As discussed, Lynk knew about the "new" claims from the outset, and it had ample opportunity to assert those claims (1) during the year the case proceeded in the Western District of Texas; (2) in the Northern District of Georgia as Home Depot and Lynk briefed the motion to stay; (3) "while the stay motion was pending," *see* Appx3, especially once the PTAB instituted IPR on two of the three patents; and (4) during the stay, *see ZiLOG, Inc.*, 2006 WL 563057, at *1, and certainly once the PTAB invalidated all asserted claims from the '479, '783, and '001 Patents (by

April 26, 2023), and the respective appeals were dismissed (by July 27, 2023).[8]

In the district court, Lynk attempted to blame its delay on "the limitation on the number of claim terms allowed for construction" in the Western District of Texas. Appx1772. But Lynk's excuse was hollow because (1) neither the Western District of Texas Local Rules nor Judge Albright's Order Governing Proceedings restricted the number of claims Lynk could have included in its *contentions*,[9] and (2) Lynk did not propose *any* terms for construction. In any event, as the district court properly ruled, the case was pending in the Northern District of Georgia for four months before it was stayed, and Lynk failed to seek amendment during that time. Appx1772; *see O2 Micro*, 467 F.3d at 1367-68 (affirming decision to deny motion to amend claim selection after three-month delay); *Speedtrack, Inc. v. Endeca Techs., Inc.*, 524 F. App'x 651, 659 (Fed. Cir. 2013) (non-precedential) (same for six-month delay).

---

[8] *See supra* notes 2-3.

[9] *Lynk Labs, Inc. v. Home Depot USA, Inc.*, No. 1:21-cv-05021-VMC, Dkt. 39 (N.D. Ga. Oct. 8, 2021) (Judge Albright's Standing Order Governing Proceedings – Patent Cases).

On appeal, Lynk tries to excuse its delay by recounting the case's procedural history and noting that discovery had not commenced by the time it asked to amend its infringement contentions. Opening Br. at 19-20. But Lynk cites no case tying the district court's discretion to discovery. It cannot dispute that "the factual bases for amendment arose prior to the stay" (*i.e.*, Lynk knew about claim 6 of the '479 Patent, claim 14 of the '001 Patent, and claim 2 of the '783 Patent all along and knew about Home Depot's allegedly infringing products) and that it "could have sought amendment" at multiple intervals.[10] Appx3. Thus, it cannot demonstrate that the district court abused its "considerable discretion" in rejecting Lynk's purported justification. *See Henderson*, 72 F.4th at 1243 ("The district court has considerable discretion in determining whether exclusion is proper."); *see also Guevara v. NCL (Bahamas) Ltd.*,

---

[10] As noted above in footnote 5, in its response to the district court's show cause order, Lynk made an argument that it does not raise on appeal—that it was seeking to add allegations against products purportedly introduced three months prior. Appx1810-1811. By failing to raise it on appeal, that argument is forfeited. Moreover, that argument is unavailing given that Lynk did not differentiate between the originally accused products versus the newly released products with respect to claim 6 of the '479 Patent, claim 14 of the '001 Patent, and claim 2 of the '783 Patent. For example, Lynk has not offered any justification for why it did not assert those three claims against the preexisting products in its original infringement contentions.

28

920 F.3d 710, 718 (11th Cir. 2019) (explaining that "[c]ourts have broad discretion to exclude under Rule 37(c)); *BookIT Oy v. Bank of Am. Corp.*, 817 F. App'x 990, 995 (Fed. Cir. 2020) (non-precedential) (ruling that "[t]he district court reasonably found that [plaintiff]'s failure to present its new infringement theory earlier was inexcusable").

In *United States ex rel. TVA v. Easement & Right-of-Way over 4.42 Acres of Land*, for example, the Eleventh Circuit upheld a ruling of no substantial justification where a report "could have been prepared" on time, and the non-disclosing party "could have and should have" taken some "affirmative act" to "pursue the disputed discovery" or "clarify" its intent to do so. 782 F. App'x 945, 950 (11th Cir. 2019) (non-precedential). The Court admonished the non-disclosing party for "decid[ing] unilaterally that [its] obligations under the Scheduling Order were not triggered" and then waiting months before serving the untimely report. *Id.* Likewise, here, it is undisputed that Lynk could have moved to amend its infringement contentions in a "timely manner," and "could have and should have" informed the court and Home Depot of its intent to do so sometime within the "extensive" five-year litigation history. *See TVA*, 782 F. App'x at 950; Appx1779. The fact that Lynk "unilaterally" decided to

29

wait until "the resolution of the final IPR appeal" (*see* Opening Br. at 21) before "clarify[ing]" its intent to add claims "is insufficient justification for [its] non-compliance with [Local Patent Rule 4.5(b)]," *TVA*, 782 F. App'x at 950.

### b.    Lynk's Delay Was Not Harmless.

Lynk also fails to demonstrate that its undue delay was harmless. For starters, Lynk has forfeited any argument that its delay was not harmless. Lynk did not brief harmlessness before the district court and does not raise it on appeal. *See Circuitronix, LLC v. Kinwong Elec. (Hong Kong) Co., Ltd.*, 993 F.3d 1299, 1308 (11th Cir. 2021) ("Absent extraordinary circumstances . . . we will not consider legal theories and arguments not raised squarely before the district court for the first time on appeal.") (citation modified); *see also In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) ("[A] position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances."). Likewise, there has been no identification of exceptional circumstances justifying a departure from the forfeiture principle here.

In any event, Lynk's tactical delay was anything but harmless. The Eleventh Circuit has "not settled the meaning of harmlessness under Rule 37 and, in particular, its relationship to prejudice." *Circuitronix*, 993 F.3d at 1307-08. But Lynk's conduct fails under any standard.

Some courts have interpreted "harmlessness" in the context of Rule 37 to entail an honest mistake, coupled with sufficient knowledge by the other party. *See, e.g.*, *Go Med. Indus. Pty, Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003) ("A discovery mistake is harmless if it is honest, and is coupled with the other party having sufficient knowledge that the material has not been produced."); *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) ("The advisory committee's note to Rule 37(c) strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party."); *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006) (noting that the examples in the advisory committee note "suggest a fairly limited concept of 'harmless'").

Here, Lynk's delay was not an honest mistake—it always knew about the "new" claims and made a strategic choice to wait until all PTAB decisions were finished before deciding it sought a do-over. And Home

31

Depot did not have "sufficient knowledge" (before it spent millions at the district court, the PTAB, and this Court) that Lynk would ask to amend its claims when it was all done. *Sommer*, 317 F.3d at 692.

But even if harmlessness and lack of prejudice were synonymous, *see Circuitronix*, 993 F.3d at 1308, allowing Lynk to assert new claims after years spent litigating the validity of over 40 asserted claims would seriously prejudice Home Depot. As one court persuasively observed under similar circumstances, "Defendants have litigated this case for many years through the IPR proceedings and appeals, and they reasonably believed that upon prevailing before the PTO and an appeal, this litigation would be near completion. . . . [I]t would be highly prejudicial to force Defendants to engage piecemeal in a whole new round of litigation." *Capella Photonics, Inc. v. Cisco Systems, Inc.*, No. 14-cv-03348-EMC, 2019 WL 2359096, at *5 (N.D. Cal. June 4, 2019); *see also Trusted Knight Corp. v. Int'l Bus. Machines Corp. (IBM),* No. 3:19-cv-01206-EMC, 2021 WL 5205522, at *3 (N.D. Cal. Nov. 9, 2021) (finding prejudice where plaintiff "aimed to keep its case alive by switching gears to assert the only two claims not covered by [defendant's] IPR—claims that were not challenged in the IPR because they weren't asserted in the

litigation"); *Papst*, 2020 WL 11613777, at *3 ("To permit [plaintiff] to amend its claim election under these circumstances would inappropriately allow [plaintiff] a 'do over' of claim election.").

At the very least, Lynk's sandbagging and dilatory tactic meant that Home Depot could no longer file an IPR challenging the new claims due to the statutory time bar under 35 U.S.C. § 315(b). Additionally, the parties had completed claim construction briefing in the fall of 2021 (before the case was transferred), and adding new patent claims to the case would likely necessitate reopening briefing, causing additional expense and prejudice. *See Speedtrack*, 524 F. App'x at 659 (upholding a finding of prejudice where "discovery would have to be reopened" in response to an amendment, "and further dispositive motions would have to be allowed that would ultimately increase the scope of litigation and further delay resolution of the case").

Thus, allowing amendment would be prejudicial to Home Depot, and the district court did not abuse its discretion in denying Lynk leave to amend. This Court should affirm.

### C.    The District Court Properly Granted Summary Judgment.

Following the parties' second joint status report in which Lynk first suggested that it "intends to move forward" with three new claims, Appx1772, the district court issued an order directing Lynk to show cause "why summary judgment should not be granted for Defendants." Appx1779. The court observed that all but one asserted claim was invalidated and that Lynk withdrew its assertion of the remaining claim. Appx1777. The court then considered and rejected Lynk's request to amend its contentions under Northern District of Georgia Local Patent Rule 4.5(b).

Lynk does not dispute that the district court properly granted summary judgment as to all asserted claims.[11] It contends only that the court failed to give Lynk "notice and a reasonable time to respond before ruling" that Lynk's request to amend its infringement contentions was untimely as ostensibly required by Federal Rule of Civil Procedure 56(f)(3). Opening Br. at 24-25.

Lynk's argument fails for at least four reasons.

---

[11] Additionally, it does not appeal the portion of the district court's decision stating that "the Court will hold Plaintiff to its admission and treat claim 13 of the '979 Patent as withdrawn." Appx5.

*First*, Lynk had the chance to justify the timeliness of its proposed amendment both when it made the request and again in response to the district court's show cause order. Lynk's gripe appears to be that the district court was required to give Lynk yet another chance to justify its belated request before denying it. But even if this were so, Lynk *did* have the opportunity to plead its case in its response to the district court's show cause order. And the district court considered and rejected Lynk's arguments.

*Second*, Lynk did not raise the lack of notice (if any) with the district court. *See* Appx1803-1813. As such, that argument is forfeited on appeal. *See AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 407 (11th Cir. 2020) (non-precedential) ("[I]f the parties fail to object to the court's sua sponte entry of summary judgment, they will be found to have waived their objection on appeal.") (quoting 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2720.1 (4th ed.); *accord Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 436 (5th Cir. 2013) ("[E]ven if the district court erred by granting summary judgment against [the defendants] without prior notice or an opportunity to respond, they have waived this argument by failing to

pursue it before the district court."); *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1276 (10th Cir. 2003) ("[I]f a litigant fails to object [before the district court], the notice requirement is waived."); *UnitedHealth Grp., Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 866 (8th Cir. 2017) ("[A] party waive[s] any objection to a district court's *sua sponte* order granting summary judgment by failing to raise the matter in the district court after the order was entered.").

*Third*, the decision denying Lynk leave to amend its infringement contentions was not a summary judgment ruling subject to Rule 56. Instead, it was a routine discovery order under Rule 37(c), reviewed for abuse of discretion. *Josendis*, 662 F.3d at 1313; *O2 Micro*, 467 F.3d at 1366-67. For example, the show cause order was not appealable until the court, in fact, granted summary judgment. *See Carpenter v. Mohawk Indus. (In re Mohawk Indus.)*, 541 F.3d 1048, 1053 (11th Cir. 2008) ("[D]iscovery orders are not appealable."). Indeed, the district court did not rely on its Rule 56(f)(3) authority in deciding that Lynk's request was untimely pursuant to Local Patent Rule 4.5(b), and it explicitly reserved its summary judgment ruling subject to further briefing by both parties. Appx1779. Thus, the court properly denied Lynk's request for leave

36

(rejecting, in the process, Lynk's deficient "justification" for its delay, Appx1779 n.1) and provided "notice and a reasonable time to respond," Opening Br. at 24, before granting summary judgment "under Federal Rule of Civil Procedure 56(f)(3)" two months later. Appx5; Appx1779.

*Fourth*, even if there were any error, it would be harmless. Following the court's show cause order, Lynk and Home Depot engaged in a round of briefing that included Lynk's request for leave to amend. *See* Appx1803-1813. Lynk argued, like it does on appeal, that Local Patent Rule 4.5(b) permits all amendments requested before discovery starts. *See, e.g.*, Appx1803, Appx1806-1807. The court considered and rejected Lynk's arguments. Appx3. It is well-settled that where the losing party "has not been deprived of the opportunity to present facts or arguments which would have precluded summary judgment in this case, any violation of the . . . notice rule is harmless." *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 (11th Cir. 1995); *AMG*, 813 F. App'x at 406 (failure to notice is harmless where "we have before us, on de novo review of the summary judgment motion, all of the facts and arguments that [the plaintiff] would have or could have presented had [the plaintiff] been given the required notice"); *cf. Johnson v. NPAS Sols., LLC*, 975 F.3d

37

1244, 1254 (11th Cir. 2020) (applying the harmless error standard to other procedural rules). Here, following the show cause order, Lynk presented further argument on its request for leave, and the district court considered it. Lynk cannot point to anything on appeal that it might have raised at the district court if given the chance. *See Restigouche*, 59 F.3d at 1213 (finding such an alleged violation "harmless" where the non-movant had "ample opportunity to marshal facts and arguments, and does not assert on appeal that there exists additional evidence, beyond the record and the proffered supplemental material, which would create material issues of fact"). Thus, any purported error—and, to be clear, there was none—would be harmless anyway. *See also Carlborg v. United States*, No. 2024-1339, 2024 WL 4675290, at *4 (Fed. Cir. Nov. 4, 2024) (non-precedential) (affirming case-dispositive judgment despite court's failure to provide notice because any error was harmless), *cert. denied,* 145 S. Ct. 2817 (2025), *reh'g denied,* 222 L. Ed. 2d 1187 (2025).

Citing an unpublished Seventh Circuit case, Lynk wrongly argues that this Court should review the notice issue de novo. Opening Br. at 24 (citing *Matz v. Galloway,* No. 24-1716, 2024 WL 4249724, at *2 (7th Cir. Sept. 30, 2024)). In fact, even if the alleged error were preserved and

Lynk was prejudiced, the Eleventh Circuit reviews the adequacy of Rule 56(f) notice for abuse of discretion. *See Chapman v. Dunn*, 129 F.4th 1307, 1318-19 (11th Cir. 2025). Lynk presents no argument that the court's alleged failure was a "clear error of judgment" or that it "applied the wrong legal standard." *See Whitesell*, 154 F.4th at 1297. That argument is forfeited.

## CONCLUSION

Because Lynk has failed to show any abuse of discretion in the district court's ruling, the judgment should be affirmed.

Dated: January 26, 2026          By: /s/ *Nicholas G. Papastavros*

Stanley J. Panikowski
**DLA Piper LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: (858) 677-1400

Nicholas G. Papastavros
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: (617) 406-6019

Jennifer Librach Nall
Brian K. Erickson
**DLA Piper LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701-4653
Tel: (512) 457-7249

Mary C. Dahl
**DLA Piper LLP (US)**
3203 Hanover Street, Suite 100
Palo Alto, CA 94304-1123
Tel: (650) 833-2164

Michael L. Gniwisch
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Tel: (215) 656-3365

Benjamin Mueller
**DLA Piper LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: (312) 368-4000

40

*Attorneys for Defendants-Appellees*
Home Depot U.S.A., Inc., The
Home Depot, Inc., Home Depot
Product Authority, LLC

41

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 25-2071, 25-2079

**Short Case Caption:** Lynk Labs, Inc. v. Home Depot U.S.A., Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 7445 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/26/2026

Signature: /s/ Nicholas G. Papastavros

Name: Nicholas G. Papastavros

Save for Filing